UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:22-cr-00211-RP-1 |
| | § | |
| **Chisum Reese Brinkley (1)** | § | |

**O R D E R**

Before the Court are Defendant's Motion for Reconsideration of Bond and Incorporated Memorandum of Law, filed June 2, 2023 (Dkt. 155), and the Government's Response in Opposition to Defendant's Motion for Reconsideration of Bond, filed June 6, 2023 (Dkt. 161). The District Court referred the Motion to this Magistrate Judge for resolution, pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1)(A), and Rule 44 of the Federal Rules of Criminal Procedure. Dkt. 156.

### I.   Background

On October 4, 2022, a grand jury indicted Defendant on a charge of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Dkt. 1 (sealed). The Government moved to detain Defendant pending trial, Dkt. 21, and Defendant was taken into federal custody on October 7, 2022. After a detention hearing on October 13, 2022, this Court found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. 66. Defendant therefore was ordered detained pending trial. *Id.* On May 30, 2023, Defendant was charged by Superseding Information with Conspiracy to Possess with Intent to Distribute Methamphetamine, a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Dkt. 153. He is set for rearraignment and guilty plea on this date. Dkt. 154.

## II.  Legal Standard

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.

## III.  Analysis

A rebuttable presumption arises under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that he committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801-904. After considering the arguments in Defendant's Motion for Reconsideration, the factors set forth in 18 U.S.C. § 3142(g), information in the Pretrial Services Report, and the evidence and arguments of counsel at the detention hearing, it remains the conclusion of the Court that Defendant must be detained pending trial because the United States has proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community.

At the detention hearing, the United States presented testimony that Defendant was arrested after a traffic stop in which law enforcement seized approximately 250 grams of suspected crystal methamphetamine. Dkt. 101 (Transcript) at 10:7-19. When Defendant's home was searched, officers found more than 50 guns – notwithstanding Defendant's three previous felony convictions, one for unlawful possession of a firearm by a felon – and documents showing his affiliation with the Aryan Brotherhood. *Id.* at 10:24-11:4, 21:4-17. Considering this evidence and the record as a whole, the Court finds that Defendant has not introduced sufficient evidence to rebut the presumption, and his detention pending trial is required.

In his Motion for Reconsideration, Defendant for the first time states that he has a corneal condition called keratoconus and "cannot get the medical treatment he needs while in jail. If released, he could see a specialist to determine if surgery is required." Dkt. 155 at 2. Defendant asserts neither that this is a new medical condition nor that he was unaware of it at the time of his detention hearing. The Court finds that Defendant has not shown that any material information exists that was not known to him at the time of the detention hearing.

## IV.  Conclusion

For these reasons, **IT IS ORDERED** that Defendant's Motion for Reconsideration of Bond and Incorporated Memorandum of Law (Dkt. 155) is **DENIED**.

**SIGNED** on June 7, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE